UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA S. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:03-cv-1391-DFH-TAB |
| | ) |
| ADMINASTAR FEDERAL, INC., | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Donna Miller claims that her former employer fired her because of her age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Miller was fired four days after she pled guilty to a felony involving possession of a controlled substance. Her employer, defendant AdminaStar Federal, Inc. ("AdminaStar"), claims it fired Miller pursuant to a company policy against employing individuals who have been convicted of a felony. AdminaStar has moved for summary judgment. Miller has no direct evidence of age or sex discrimination, and the undisputed facts show here that no reasonable jury could find that AdminaStar's decision to fire Miller resulted from age or sex discrimination. Miller has not identified a similarly-situated employee who was either male or substantially younger and who was treated more favorably than she was treated under the no-felony policy. She has

also failed to raise a genuine issue of material fact as to whether the no-felony policy was the true reason for her discharge. Accordingly, AdminaStar's motion is granted.

*Summary Judgment Standard*

Summary judgment should be granted where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only genuine disputes over material facts can prevent a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.*

When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 255; *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999). However, a party must present more than mere speculation or conjecture to defeat a summary judgment motion. The issue is whether a reasonable jury might rule in favor of the non-

moving party based on the evidence in the record. *Anderson*, 477 U.S. at 252; *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001).

*Undisputed Facts*

The following facts are either undisputed or reflect the evidence in the light most favorable to plaintiff Miller as the party opposing summary judgment. Defendant AdminaStar provides services such as claims processing and customer service to Medicare providers and beneficiaries. AdminaStar is subject to regulation by the federal government and the Indiana Department of Insurance.

Plaintiff Donna Miller held a management position at AdminaStar since at least 2000. Her duties included supervising, training, and reviewing the performance of subordinate employees.

AdminaStar provides its employees with a written policy stating that employees involved in "serious misconduct . . . may be subject to disciplinary action including immediate termination." The policy defines serious misconduct to include conviction of a felony. Def. Br. Ex. F.

On April 14, 2002, plaintiff Miller was arrested at a department store for theft and possession of a controlled substance. On October 3, 2002, she pled

guilty to possession of a controlled substance as a Class D felony. She promptly informed AdminaStar of the conviction.

On October 7, 2002, AdminaStar informed plaintiff that she was being fired pursuant to its no-felony policy. AdminaStar informed plaintiff that its application of the policy was not discretionary but was required by the Indiana Department of Insurance. According to defendant, the Indiana Department of Insurance interprets federal law as prohibiting insurance companies from employing anyone convicted of a felony.

In her complaint in this action, plaintiff alleges that AdminaStar's stated reason for firing her was a pretext for age and sex discrimination. She contends that a younger worker and a male worker were both retained by the company despite felony convictions, and that a younger male worker was hired to replace her. Other material facts are noted below as necessary, keeping in mind the summary judgment standard.

*Discussion*

Title VII makes it unlawful for an employer to terminate an employee because of her sex. 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to terminate an employee because of her age. 29 U.S.C. § 623(a). Plaintiff has presented no direct evidence of age or sex discrimination. She seeks

to prove discrimination with indirect evidence under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

To survive a motion for summary judgment under the indirect method of proof, the plaintiff first must come forward with evidence that would allow a jury to find the elements of a prima facie case of discrimination – a set of circumstances which, if not otherwise explained, could support an inference of unlawful discrimination. If plaintiff meets this burden, the defendant may rebut plaintiff's prima facie case by articulating a legitimate, non-discriminatory reason for the employment action. *Little v. Illinois Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004). If a defendant is able to point to such a reason, the burden remains with the plaintiff to present evidence that could allow a reasonable jury to find that the stated reason was not a true reason but a pretext. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002). The *McDonnell Douglas* framework applies "whether the discrimination alleged is on the basis of sex, when proceeding pursuant to Title VII, or on the basis of age, under the ADEA." *Jordan v. City of Gary*, 396 F.3d 825, 833 (7th Cir. 2005). AdminaStar contends plaintiff's case fails both at the prima facie stage and on the issue of pretext.

I.    *Plaintiff's Prima Facie Case*

A plaintiff's prima facie case requires proof of the same elements for both age discrimination under the ADEA and for sex discrimination under Title VII. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001). A plaintiff establishes a prima facie case of sex or age discrimination if she demonstrates that: (1) she is a member of a protected class (age and/or sex); (2) at the time of termination, she was meeting her employer's legitimate employment expectations; (3) in spite of meeting the legitimate employment expectations of her employer, she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated male or younger employees. *Peele v. Country Mutual Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002), citing *Markel v. Board of Regents*, 276 F.3d 906, 911 (7th Cir. 2002), and *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 659 (7th Cir. 2001).

The parties agree that plaintiff is a member of both protected classes (female and over 40 years of age) and that she suffered an adverse employment action. Defendant argues that plaintiff fails at the second and fourth element.

The fact that plaintiff was not meeting her employer's legitimate expectations is not controlling by itself here. Where a plaintiff alleges discriminatory discipline, "the second and fourth prongs of *McDonnell Douglas* merge." *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 728 (7th Cir. 2004), citing

*Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002), and *Flores v. Preferred Technical Group*, 182 F.3d 512, 515 (7th Cir. 1999). In those cases, "there is no question that the employee failed to meet his employer's expectations. Instead, the plaintiff must establish that he received dissimilar – and more harsh – punishment than that received by a similarly situated employee who was outside the protected class." *Lucas*, 367 F.3d at 728, citing *Grayson*, 308 F.3d at 817, and *Flores*, 182 F.3d at 515; see also *Kriescher v. Fox Hills Golf Resort and Conference Center*, 384 F.3d 912, 915-16 (7th Cir. 2004) (prima facie case of discriminatory discharge "includes showing that similarly-situated employees who were outside of her protected class were treated more favorably"), citing *Little v. Illinois Dep't of Revenue*, 369 F.3d at 1012; *Curry v. Menard, Inc.*, 270 F.3d 473, 478 (7th Cir. 2001).

Accordingly, the issue in defendant's challenge to plaintiff's prima facie case properly focuses on the fourth element: whether plaintiff can point to similarly – situated employees not members of plaintiff's protected classes who were treated more favorably – *i.e.*, who were not fired despite a felony conviction. For her ADEA claim, plaintiff must identify a similarly-situated employee who was substantially younger and who was retained by the defendant despite a felony conviction. She identifies JoAnn Scherrer, who worked in defendant's Cincinnati office. For her Title VII sex discrimination claim, plaintiff must identify a similarly-situated male employee retained despite a felony conviction. She identifies David Edwards, who worked in defendant's Indianapolis office. The undisputed facts show that neither

-7-

Scherrer nor Edwards can satisfy plaintiff's burden under Title VII or the ADEA. Plaintiff has not offered evidence that would allow a reasonable jury to find that either was similarly situated to her.

The undisputed evidence shows that neither Edwards nor Scherrer has actually been convicted of a felony. Plaintiff bases her claim on an "Acknowledgment form" provided annually by defendant to its employees. Employees are provided with the Acknowledgment form, which requires them to attest that they understand and agree to comply with various standards of conduct set by the company and/or determined by federal policies. The form also requires a disclosure statement, where employees are required to indicate, among other things, whether they have ever been convicted of a felony. The form states that a "Yes" response to any of the disclosure statement questions "may lead to disciplinary action, including, but not limited to, termination of employment." Pl. Br. Ex. G.

On their Acknowledgment forms for 2000, both Edwards and Scherrer circled "Yes" in response to the question regarding a felony conviction. However, the undisputed facts show that both were mistaken about the legal label as applied to the incidents they recalled. Scherrer had been convicted for driving under the influence of alcohol in Ohio in 1986, her only such conviction. After she responded yes to the felony question on the 2000 Acknowledgment form, she informed her manager. The manager told her (correctly) that a first DUI is not a

felony in Ohio. After that, she did not tell the company that she had a felony conviction, and she has testified that she does not have a felony conviction. Scherrer Aff. ¶¶ 7-16.

Edwards also mistakenly responded yes to the felony question on the 2000 Acknowledgment form. Edwards had been arrested for drunk and disorderly conduct in 1963 in Indiana. The incident did not result in a felony conviction. He spent a night in jail and was fined. He was uncertain whether this qualified as a felony, so he answered yes to the felony question "out of an abundance of caution." Edwards has not, other than on the 2000 Acknowledgment form, told the company that he had a felony conviction. Edwards Aff. ¶¶ 7-13.

When AdminaStar employees report a felony on the Acknowledgment form, company policy requires that the Compliance department, which processes the forms, makes no decision but refers the matter to Human Resources for an investigation. Cobb Aff. ¶ 15. The record does not indicate whether an investigation was conducted in Edwards' case or whether Edwards' supervisor or any other decision-maker ever learned of his felony acknowledgment. Scherrer's supervisor promptly understood that Scherrer had no felony conviction.

By contrast, plaintiff Miller's supervisor promptly understood that she did have an actual felony conviction. Plaintiff reported it herself and upon request

-9-

supplied the supervisor with a record of the conviction. Miller Dep. at 107-08, 111 (Def. App. Ex. B). There is no dispute about that fact.

On this evidence, a reasonable jury could not find that Scherrer or Edwards was situated similarly to plaintiff, apart from plaintiff's protected status. Individual employees (or citizens, for that matter) need not know exactly what constitutes a felony conviction. Plaintiff has not addressed or even acknowledged these differences between herself and Edwards and Scherrer. She has evidence only of two mistaken entries on a company form, nothing more. Plaintiff has failed to establish that she and Scherrer and Edwards "had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000).

Plaintiff argues in the alternative that she can prove the fourth element of a prima facie case of age discrimination by showing only that she was replaced by a substantially younger individual. Plaintiff claims, and the court assumes, that a male fifteen years younger than plaintiff was hired to fill the vacancy created by her termination. To support her legal theory, plaintiff cites *Olson v. Northern FS, Inc.*, 387 F.3d 632, 635-36 (7th Cir. 2004) (fourth element of prima facie case for age discrimination can be shown where plaintiff was replaced by someone substantially younger). However, in *Olson* it was undisputed that the plaintiff had established the first three elements of a prima facie case, including that he was

meeting his employer's legitimate expectations. *Id.* at 635. That is a decisive difference between this case and *Olson,* which was not a disparate discipline case.

This case alleges disparate discipline. As discussed above, the plaintiff cannot establish the second element of a prima facie case: that she was meeting her employer's legitimate expectations. She is excused from showing that she was meeting expectations *only* because she has framed her case as one alleging discrimination in applying a facially neutral and legitimate requirement: no felony convictions. In other words, to support an inference of discrimination, she would still need to come forward with evidence of truly disparate discipline of someone else similarly situated but outside the protected groups. See, *e.g., Lucas,* 367 F.3d at 728-30 (affirming summary judgment where plaintiff failed to show comparator); *Kriescher,* 384 F.3d at 915-16 (same); *Little,* 369 F.3d at 1012 (same); *Ajayi v. Aramark Business Services., Inc.,* 336 F.3d 520, 532 (7th Cir. 2003) (same, on termination claim); *Grayson,* 308 F.3d at 817-19 (affirming summary judgment where plaintiff failed to show comparator); *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d at 546-47 (same); *Peele,* 288 F.3d at 329-31; *Curry,* 270 F.3d at 478. Because plaintiff Miller has not done this, she has failed to make the required prima facie showing of age or sex discrimination.

II.     *Pretext*

Even if plaintiff had shown a prima facie case of discrimination, AdminaStar would still be entitled to summary judgment because plaintiff has not come forward with evidence that would allow a finding of pretext. The defendant has identified a legitimate, non-discriminatory reason for firing plaintiff: she was convicted of a felony and the company has a policy against employing convicted felons. To avoid summary judgment, plaintiff must present evidence that could enable a trier of fact to find that the reason put forth was not a true reason, but a pretext. *Peters*, 307 F.3d at 545. Plaintiff has not carried this burden.

Plaintiff rests her pretext argument on four points: (a) the defendant employs other convicted felons; (2) the defendant's written no-felony policy contradicts its claim that the policy was mandatory rather than discretionary; (c) the defendant's requests for felony information are ignored by employees; and (d) plaintiff and her supervisor were not aware that the defendant's no-felony rule was mandatory. Pl. Br. at 15-18.

    A.    *Other Convicted Felons*

Plaintiff contends that defendant's proffered reason for terminating her employment is not credible because defendant employs other individuals despite felony convictions. However, as discussed above, the undisputed facts show that Edwards and Scherrer are not convicted felons. Plaintiff has identified no other AdminaStar employees who have been retained despite a felony conviction.

    B.    *The Written Policy*

The defendant asserts its decision to fire plaintiff was not discretionary. Plaintiff points out that the written policy given to employees states that an employee convicted of a felony "may" be terminated. She argues that this difference shows pretext. However, the defendant provided two explanations for the apparent discrepancy and supported those explanations with evidence that plaintiff has not controverted or even acknowledged.

First, the defendant has offices and employees in states other than Indiana. Defendant has provided evidence that it believes the Indiana Department of Insurance requires absolute enforcement of the no-felony rule, whereas not all states so require; hence the term "may" is used in the written policy, which is provided to defendant's employees nationally. King Aff. ¶ 6; see Def. Reply Br. at 10 & n.6.

Second, the defendant points out that a felony conviction is among a list of four types of serious misconduct that may lead to termination. "Thus, the language indicating that an employee *may* be subject to termination for a multiple number of infractions does not preclude the company's interpretation that the commission of one of those infractions (*i.e.* having a felony conviction) *would* lead to termination." Def. Reply Br. at 10. A reasonable jury could not find pretext on this evidence.

      C.    *Failure to Provide Information About Felony Convictions*

Plaintiff claims that the defendant "turns a blind eye" to other employees who fail to provide the felony information on the Acknowledgment form. Plaintiff's counsel examined approximately 3000 of the defendant's Acknowledgment forms at the defendant's office in Louisville, Kentucky. Counsel found five Acknowledgment forms that failed to provide the requested felony information. In other words, less than one-fifth of one percent of the forms sampled by plaintiff indicated that the employees failed to provide the requested felony information. This percentage is not only very small, it is also lacking all context. The plaintiff has not even suggested that the Acknowledgment forms are the sole means used by the company to enforce its no-felony rule. The defendant has provided evidence that it uses several other means, notably management and Human Resources personnel, self-reporting, and word of mouth, to learn of violations of its no-felony rule. See Def. Reply Br. at 12-13.

D.     *Awareness of Mandatory Policy*

Plaintiff claims that neither she nor her supervisor, Rod King, were aware that the company's no-felony rule required her termination, and she argues that this fact casts into doubt the very existence of the policy. Plaintiff relies on *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035 (7th Cir. 1993), in which the Seventh Circuit stated: "When the existence of a uniform policy or practice is in doubt, it cannot serve as a reason for discharging" an employee. *Id.* at 1040.

*Sarsha* does not help plaintiff. In that case, the employer claimed it had fired the plaintiff for dating a co-employee. Managers could point to no formal or written no-dating policy, or to other instances of enforcement showing an informal policy. One manager admitted to never having heard of such a policy. Also, the plaintiff testified that he had openly dated his second wife while both were employees at Sears and that the company had even thrown a party for the couple prior to their marriage. *Id.* at 1040. In short, the plaintiff had raised a genuine issue of material fact as to the very existence of the policy under which he was purportedly terminated.

In this case, there is no doubt that the policy existed. Plaintiff instead attempts to cast doubt on its mandatory force. However, the only evidence she cites for this proposition is the following excerpt from her own deposition. After informing one manager (Lydia Thompson) that she had been charged with a

felony, that manager informed plaintiff that she could be fired as a result. Plaintiff then went to speak to her supervisor, Rod King:

> I went and talked to Rod, and I said, "Lydia said I can be fired if I get convicted," I remember saying that to him, and he said, "What," and I think he went down and talked to Lydia, I don't know.

Miller Dep. 96 at lines 18-22 (Pl. Ex. A).

In her brief, plaintiff characterizes this evidence as follows: "After Plaintiff informed King of the alleged policy, he responded with a question, 'What?' as if he was unaware of the policy." Pl. Br. at 18.

This evidence is not sufficient to create a genuine issue of fact. Again, the existence of the no-felony policy is undisputed. Nothing in the excerpt suggests plaintiff and King were discussing the mandatory aspect of the policy. King Aff. ¶ 9 (Def. Ex. P). King's alleged utterance of the highly ambiguous "What?" without more does not cast doubt on the existence of the policy or its mandatory force.

By contrast, the defendant provided the affidavit of King stating he was aware of the mandatory nature of the policy. Plaintiff has identified no other individual, whether employee or manager, who attests to ignorance of the policy or its mandatory nature. Plaintiff has, as noted above, identified no employee retained despite a felony conviction. And defendant has offered evidence that

other employees were also fired for felony convictions before plaintiff was fired. Def. Ex. N.

Accordingly, plaintiff has failed to raise a genuine issue of material fact as to whether the defendant's proffered reason for her termination was true or was a pretext for discrimination.

*Conclusion*

The defendant's motion for summary judgment is granted. Final judgment shall be entered.

So ordered.

Date: May 4, 2005

									_David F. Hamilton_
									DAVID F. HAMILTON, JUDGE
									United States District Court
									Southern District of Indiana

Copies to:

Martin D. Allain
FULK & ALLAIN
mdallain@fulk-allain.com

Shannon Marie Shaw
BARNES & THORNBURG
shannon.shaw@btlaw.com

Richard P. Winegardner
BARNES & THORNBURG
rwinegar@btlaw.com